# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 3547 | **DATE** | September 7, 2011 |
| **CASE TITLE** | Donald McCormick (N-82468) vs. Loftus, et al. | | |

**DOCKET ENTRY TEXT**

Defendants' renewed motion to dismiss [72] is denied. Plaintiff's motion for appointment of counsel [75] is granted. The Court appoints Christina Diane Harrison of Williams Montgomery & John, Ltd., 233 South Wacker Drive, Chicago, Illinois 60606-6359, (312) 443-3200, to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37. A status hearing is scheduled for 10/4/2011 at 9:30AM.

■[For further details see text below.]     Docketing to mail notices.

## STATEMENT

      Plaintiff, Donald McCormick, presently an inmate at Stateville Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that two Chicago Police Detectives used excessive force against him and that two Dixon Correctional Center Correctional Officers failed to protect him and/or failed to intervene on his behalf. Plaintiff's suit was previously stayed pending the conclusion of his state criminal proceedings related to his claims. Those proceedings are now completed and the stay has been lifted. Presently before the Court is the correctional officers' renewed motion to dismiss and Plaintiff's motion for appointment of counsel.

      A reading of Plaintiff's Complaint supports the following summary of the alleged operative conduct of the parties.

      On August 10, 2005, Dixon Correctional Officers John Lanher and Jobaet Pedroza took Plaintiff from the Dixon Correctional Center to the Cook County Courthouse for a hearing in a pending criminal case. Upon arrival, it was learned that Plaintiff's hearing date was actually August 11, 2005. As Plaintiff, Lanher, and Pedroza were exiting the courtroom, two Chicago Police Detectives, Detectives Loftus and Shedish, asked Lanher and Pedroza if they could take Plaintiff to the police station for a line up. Initially, Lanher and Pedroza indicated that they could not and that they needed to return to Dixon. After the Defendants spoke in private, Loftus and Shedish asked Plaintiff to cooperate. Plaintiff refused to be taken anywhere and asked for an attorney or a court order directing him to go to the police station. Lanher and Pedroza told Loftus and Shedish that they could not make the Plaintiff cooperate without a court writ. The Defendants spoke privately again and Loftus and Shedish again asked the Plaintiff cooperate. Lanher and Pedroza then told Plaintiff that they spoke with someone at Dixon and that they were told to tell Plaintiff to cooperate. Loftus and Shedish then told Lanher and Pedroza to follow them to the police station.

      On the way to the police station, Plaintiff told Lanher and Pedroza that if they were going to disregard his wishes, not to leave him alone with Loftus and Shedish because "that's how inmates get hurt." Lanher and Pedroza told Plaintiff that the warden at Dixon said to cooperate with the detectives.

      At the police station, Lanher and Pedroza left Plaintiff in a room, handcuffed to a wall. Several detectives came into the room and asked Plaintiff to cooperate. Plaintiff refused and asked for an attorney. At some point, Loftus and Shedish wanted to fingerprint and photograph Plaintiff.

      As Plaintiff was being taken to another room, one of the detectives struck Plaintiff in the back. Once in the other room, Plaintiff was stripped naked and placed in a cold cell. Plaintiff was told that he would stay in the cell until he cooperated. Some time later, Pedroza came to cell and asked Plaintiff why not cooperate so that he could put his clothes back on and they could return to Dixon. Plaintiff was freezing, so he cooperated, letting the detectives

**STATEMENT**

fingerprint and photograph him. Afterwards, Plaintiff was taken back to Dixon. He later learned that the warden had not told Lanher and Pedroza to tell him to cooperate.

Lanher and Pedroza move to dismiss the claims against them, arguing that Plaintiff's claims against them are barred by *Heck V. Humphrey*, 512 U.S. 477 (1994); he has failed to state a claim upon which relief can be granted; and that they are entitled to qualified immunity.

It is well established that *pro se* complaints are to be liberally construed. *Kaba V. Stepp*, 458 F.3d 678, 681, 687 (7th Cir. 2006). *Pro se* submissions are held to a less stringent standard than formal pleadings drafted by lawyers. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)); *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008).

To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the plaintiff must only state his basic legal claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court assumes all factual allegations in the complaint to be true, viewing all facts–as well as any inferences reasonably drawn therefrom–in the light most favorable to the plaintiff. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010); *Bell Atlantic Corp.,* 550 U.S. at 563 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp.*, 550 U.S. at 556.

Nevertheless, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp.*, 550 U.S. at 555. While a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted). The court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010) (citing *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009)).

Lanher and Pedroza first argue that Plaintiff's claims against them are *Heck* barred.

When a state prisoner seeks damages in a civil rights suit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). When applying *Heck's* bar against certain actions, "a district court must analyze the relationship between the plaintiff's § 1983 claim and the charge on which ne was convicted." *Van Gilder v. Baker*, 435 F.3d 689, 691 (7th Cir. 2006). A plaintiff can plead himself into a *Heck*-bar by pleading allegations in support of his claim that are inconsistent with his conviction. *See Gilbert v. Cook*, 512 F.3d 899, 902 (7th Cir. 2008).

As set forth in the Court's previous order denying Defendants' original motion to dismiss, *see* Minute Order of June 29, 2009, the Court construed Plaintiff's allegations against Lanher and Pedroza as alleging a claim based on their failure to intervene once they knew of the manner in which Plaintiff was being treated at the police station. None of the parties have disputed the Court's interpretation of this claim. Defendants have not demonstrated, nor can the Court identify, any allegations related to his failure to intervene claim against Lanher and Pedroza that would necessarily imply the invalidity of his conviction or sentence.

Lanher and Pedroza repeat their argument that Plaintiff fails to state a claim against them because he fails to plead that they had knew he was at a substantial risk of serious harm.

As indicated above, the Court has already found that Plaintiff has sufficiently pled a claim against Lanher and Pedroza for their alleged failure to intervene once they became aware of the manner in which he was being treated at the police station. *See* Minute Order of June 29, 2009.

Lanher and Pedroza also repeat their argument that they are entitled to qualified immunity. The Court also previously addressed this argument, finding that Defendants were not entitled to qualified immunity at this stage of the pleadings as to Plaintiff's failure to intervene claim; that finding remains unchanged.

Based on the above, Defendants' renewed motion to dismiss is denied.

**STATEMENT**

Plaintiff also renews his motion for appointment of counsel. In light of the complexity and age of the case, Plaintiff's motion is granted. The Court appoints Christina Diane Harrison of Williams Montgomery & John, Ltd., 233 South Wacker Drive, Chicago, Illinois 60606-6359, (312) 443-3200, to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37.