# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 3547 | **DATE** | 8/20/2012 |
| **CASE TITLE** | McCormick vs. Loftus, et al. | | |

**DOCKET ENTRY TEXT**

Defendants' Partial Motion to Dismiss Plaintiff's Amended Complaint [101] is granted. Because Plaintiff's state-law claims against Defendants Loftus and Shebish are barred by a one-year statute of limitations, the court dismisses Count IV in its entirety. The court also dismisses Count V against Loftus and Shebish insofar as it alleges a civil conspiracy to violate state law.

■[ For further details see text below.]

Docketing to mail notices.

---

## STATEMENT

    Plaintiff Donald McCormick, an Illinois Department of Corrections ("IDOC") inmate, filed a pro se complaint on June 25, 2007, against the City of Chicago, Chicago Police Department Detectives Patrick Loftus and Thomas Shebish, and IDOC Correctional Officers John Lanher and Jobert Pedroza. On January 4, 2012, Plaintiff filed an Amended Complaint with the assistance of appointed counsel.

    Plaintiff brings claims under both the U.S. Constitution, pursuant to 42 U.S.C. § 1983, and Illinois state law. He claims he was subjected to an unreasonable search and seizure by Loftus and Shebish, in violation of the Fourth and Fourteenth Amendments of the U.S. Constitution (Count I); that Lanher and Pedroza failed to intervene and protect him from this unlawful conduct, in violation of the U.S. Constitution (Count II); that Lanher and Pedroza violated the Illinois Habeas Corpus Act, 735 Ill Comp. Stat. 5/10-131, by transferring him to custody without legal process (Count III); that Loftus and Shebish subjected him to intentional infliction of emotional distress, in violation of Illinois tort law (Count IV); and that the four individual defendants conspired to violate his rights under both the U.S. Constitution and state law (Count V). Count VI seeks indemnification from the City of Chicago for any monetary liability of Loftus and Shebish.

    Now before the court is the motion by the City of Chicago, Loftus, and Shebish (the "City Defendants") to dismiss the state tort-law and state civil conspiracy claims against them (Counts IV and V), on the grounds that the claims are barred by the statute of limitations. The City Defendants argue that, under 745 Ill. Comp. Stat. 10/8-101(a), civil actions against a municipality or its employees must be brought within one year of the date the injury occurs.

    The court agrees that a one-year statute of limitations applies to Plaintiff's state-law intentional infliction of emotional distress and civil conspiracy claims. The statute provides: "No civil action . . . may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year

from the date that the injury was received or the cause of action accrued." 745 Ill. Comp. Stat. 10/8-101(a). For purposes of the statute, "the term 'civil action' includes any action . . . based upon the common law or statutes or Constitution" of Illinois. *Id.* 10/8-101(c). Counts IV and V of the First Amended Complaint are civil actions against a local entity and its employees, to which the statute of limitations applies. *See Evans v. City of Chi.*, 434 F.3d 916, 934 (7th Cir. 2006) ("The limitations period for tort claims, such as intentional infliction of emotional distress, against governmental entities and their employees . . . is only one year.").

The acts and injuries alleged in Plaintiff's First Amended Complaint all occurred on August 10, 2005. The complaint alleges that Lanher and Pedroza were assigned to transport McCormick to a hearing on August 10, 2005, as authorized by a writ. When they arrived at the Cook County Criminal Court Building, Lanher and Pedroza conferred privately with Loftus and Shebus. Lanher and Pedroza were requested by Loftus and Shebish to transport McCormick to a Chicago Police station for a lineup. Acceding to the request, Lanher and Pedroza falsely told McCormick during the drive to the station that the prison warden had instructed them that McCormick should cooperate. While at the police station, McCormick alleges that he was handcuffed to a wall, stripped naked, and placed in a cold holding cell until he agreed to be fingerprinted and photographed. McCormick alleges that he was thus taken into custody without his consent and absent any lawful warrant or legal process.

All of the actions allegedly taken by the City Defendants occurred on a single day: August 10, 2005. This was well over one year before Plaintiff filed his original complaint on June 25, 2007. Plaintiff argues that his last injury related to the City Defendants' conduct "may" have "occurred subsequent to August 2005." He contends that he is not required to allege every detail that supports his claim in his complaint. But the court finds that Plaintiff has not alleged in his complaint *any* acts that occurred within the statute of limitations period. Nothing in the complaint plausibly supports an inference that related acts occurred after June 25, 2006, one year before Plaintiff filed his initial complaint. Plaintiff has thus provided the court with no basis to "conclude that acts giving rise to his claim continued for a substantial amount of time following the incidents in [2005]." *Evans*, 434 F.3d at 934.

Because Plaintiff's state-law claims against the City Defendants are barred by a one-year statute of limitations, the court dismisses Count IV of the Amended Complaint in its entirety. The court also dismisses Count V against Loftus and Shebish insofar as it alleges a civil conspiracy to violate state law. The remaining counts of the Amended Complaint stand, including Plaintiff's claim in Count V that the City Defendants conspired to violate the U.S. Constitution.