IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD MCCORMICK, | ) | |
| | ) | No.  07 C 3547 |
| Plaintiff, | ) | |
| | ) | The Hon. Joan Gottschall |
| vs. | ) | |
| | ) | Magistrate Judge Mason |
| PATRICK J. LOFTUS; THOMAS R. SHEBISH, | ) | |
| CITY OF CHICAGO; JOHN LANHER; and | ) | |
| JOBERT PEDROZA, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO, PATRICK LOFTUS, AND
THOMAS SHEBISH'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT,
AFFIRMATIVE DEFENSES, AND JURY DEMAND**

Defendants Patrick Loftus, Thomas Shebish, and the City of Chicago, by and through one of their attorneys, Jill K. Russell, Assistant Corporation Counsel, for their Answer to Plaintiff's Amended Complaint, Affirmative Defenses, and Jury Demand, hereby state as follows:

**Jurisdiction and Venue**

1. This is an action brought pursuant to 42 U.S.C. § 1983 et seq., the Constitution of the United States, and the statutes and common law of the State of Illinois.

**ANSWER: Defendants admit that Plaintiff purports to bring this action pursuant to 42 U.S.C. § 1983 et seq., the Constitution of the United States, and the statutes and common law of the State of Illinois.**

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

**ANSWER: Defendants admit that this court has jurisdiction over Plaintiff's alleged claims and that venue is proper.**

## Parties

3. Plaintiff Donald McCormick ("Plaintiff" or "McCormick") is an inmate of the Illinois Department of Corrections ("IDOC") presently confined at the Menard Correctional Center in Menard, Illinois.

**ANSWER: Upon information and belief, Defendants admit that Plaintiff is an inmate of the Illinois Department of Corrections, currently serving time at the Menard Correctional Center.**

4. Defendant Patrick J. Loftus ("Loftus") was, at all relevant times, a Detective employed by the Chicago Police Department ("CPD"), and is sued in his individual capacity.

**ANSWER: Admitted.**

5. Defendant Thomas R. Shebish ("Shebish") was, at all relevant times, a Detective employed by the CPD, and is sued in his individual capacity.

**ANSWER: Admitted.**

6. Defendant City of Chicago was, at all relevant times, a municipal corporation and the employer of Loftus and Shebish.

**ANSWER: Admitted.**

7. Defendant John Lanher ("Lanher") was, at all relevant times, a Correctional Officer employed by the IDOC, and is sued in his individual capacity.

**ANSWER: Upon information and belief, Defendants admit the allegations made and contained in Paragraph 7.**

8. Defendant Jobert Pedroza ("Pedroza") was, at all relevant times, a Correctional Officer employed by the IDOC, and is sued in his individual capacity.

**ANSWER: On information and belief, Defendants admit the allegations made and contained in Paragraph 8.**

9. At all times relevant, the individual defendants were acting under color of state law and/or ordinances, regulations, custom and usages of the City of Chicago and State of Illinois.

**ANSWER: Defendants admit that, at all times relevant, Defendants Loftus and Shebish**

were acting under color of law. Defendants make no answer on behalf of any other individual defendant.

## Factual Allegations

10. In or about August 2005, McCormick was an inmate of the IDOC confined at the Dixon Correctional Center in Dixon, Illinois.

**ANSWER: Upon information and belief, Defendants admit the allegations made and contained in Paragraph 10.**

11. On August 10, 2005, Lanher and Pedroza were assigned to transport McCormick from the Dixon Correctional Center to the Cook County Criminal Court Building located at 2650 South California Avenue, Chicago, Illinois purportedly for a hearing in a pending case.

**ANSWER: Upon information and belief, Defendants admit that Defendant Lahner and Pedroza were assigned to transport McCormick from the Dixon Correctional Center to the Cook County Criminal Court Building, but deny that Defendant was brought to such building for a hearing in a pending criminal case.**

12. Lanher and Pedroza were responsible for complying with the terms and provisions of the writ that authorized and directed the IDOC to transport McCormick to and from the Cook County Criminal Court Building on August 10, 2005 (the "Writ").

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12, and therefore deny the same.**

13. Lanher and Pedroza were responsible for the care, custody, safety and protection of McCormick in connection with his transportation to and from the Cook County Criminal Court Building on August 10, 2005.

**ANSWER: Upon information and belief, Defendants admit the allegations made and contained in Paragraph 13.**

14. Upon arrival at the Cook County Criminal Court Building, it was learned that no court proceeding involving McCormick was in fact scheduled for August 10, 2005. As Lanher and Pedroza prepared to leave the courtroom to return McCormick to the Dixon Correctional Center pursuant to the Writ, Loftus and Shebish approached and requested that Lanher and Pedroza instead transport McCormick to a Chicago Police station for a lineup, in contravention

of the dictates of the Writ.

**ANSWER: Defendants admit that no court proceeding involving Plaintiff was scheduled for August 10, 2005. Defendants further admit that, upon request of Assistant State's Attorney Meg O'Sullivan, Defendants Loftus and Shebish approached Defendants Lahner and Pedroza inside the Cook County Criminal Court and requested that Defendants Lahner and Pedroza transport Plaintiff to Area 2 to stand in a lineup. Defendants deny the remaining allegations made and contained in Paragraph 14.**

15. Lanher and Pedroza initially refused the request and indicated that they were required to return McCormick to the Dixon Correctional Center. Not deterred, Loftus and Shebish asked Lanher and Pedroza to confer with them in private. Following this private conversation, Loftus and Shebish approached McCormick and sought to persuade him to accede to their demands. McCormick refused to agree to be taken to a police station absent a court order or lawfully issued writ. Loftus, Shebish, Lanher and Pedroza again conferred in private. Loftus and Shebish thereafter again sought to persuade McCormick to accede to their demands.

**ANSWER: Defendant Loftus and Shebish admit that they conferred with one or both of Defendants Lahner and Pedroza one time to request that Plaintiff be transported to Area 2 to participate in a lineup. Defendants deny the remaining allegations made and contained in Paragraph 15.**

16. Further seeking to persuade McCormick to accede to the demands made by Loftus and Shebish, Lanher and Pedroza advised McCormick that they contacted the Dixon Correctional Center and were instructed to advise McCormick to comply with the demands of Loftus and Shebish.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16, and therefore deny the same.**

17. Thereafter, Lanher and Pedroza placed McCormick in their IDOC vehicle and drove to a Chicago Police station following the Chicago police vehicle driven and occupied by Loftus and Shebish. During the drive to the police station, Lanher and Pedroza stated to McCormick that the Warden of the Dixon Correctional Center advised them that McCormick should cooperate with Lanher and Pedroza. On information and belief, the statements made by Lanher and Pedroza were false.

4

**ANSWER: Defendants admit that Defendants Lahner and Pedroza placed Plaintiff in their IDOC vehicle and transported Plaintiff to Area 2. Defendants further admit that Defendants Loftus and Shebish also drove their own vehicle from the Cook County Criminal Courthouse to Area 2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations made and contained in Paragraph 17, and therefore deny the same.**

18. During the drive to the police station, McCormick pleaded with Lanher and Pedroza to not leave him alone in the custody of Loftus and Shebish because McCormick feared he would be abused while in their custody.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations made and contained in Paragraph 18, and therefore deny the same.**

19. Upon arrival at the police station, McCormick was left in a room and handcuffed to a wall. McCormick requested an attorney, but his request was denied.

**ANSWER: Defendants admit that upon arriving at the police station, Plaintiff was placed in a room and handcuffed to a wall. Defendants deny the remaining allegations made and contained in Paragraph 19.**

20. While being relocated to another location at the Chicago Police station, McCormick was struck in the back by an unknown Chicago Police officer. After being moved to another location at the Chicago Police station, McCormick was stripped completely naked by multiple Chicago Police officers and placed in a cold holding cell. McCormick was told that he would remain naked and alone in the cell until he cooperated.

**ANSWER: Defendants Loftus and Shebish admit that after Plaintiff refused to stand in a lineup, at the direction of their watch commander, they escorted Plaintiff to the lock up to be fingerprinted and photographed. Defendants Loftus and Shebish deny that they struck Plaintiff in the back, or that they stripped him naked, placed him in a cold holding cell, or told him that he would remain naked and alone in the cell until he cooperated. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations**

regarding Plaintiff's treatment while outside of their presence or custody, and therefore deny the same.

21. Thereafter, Pedroza entered the holding cell area and asked McCormick to cooperate with the Chicago Police detectives so McCormick could have his clothes returned to him. At this point, cold and naked, McCormick relented and allowed the Chicago Police detectives to fingerprint and photograph him.

**ANSWER**: **Defendants deny that Shebish or L:oftus printed or photographed the Plaintiff. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations made and contained in Paragraph 21, and therefore deny the same, except to admit, upon information and belief, that Plaintiff was fingerprinted and photographed by other employees of the Chicago Police Department.**

22. On information and belief, the Writ authorizing Lanher and Pedroza to transport McCormick from the Dixon Correctional Center to the Cook County Criminal Court Building did not authorize Lanher and Pedroza to release McCormick to the custody of any other department or agency.

**ANSWER**: **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations made and contained in Paragraph 22, and therefore deny the same.**

23. On information and belief, the Writ authorizing Lanher and Pedroza to transport McCormick from the Dixon Correctional Center to the Cook County Criminal Court Building did not authorize Lanher and Pedroza to transport McCormick to any location other than the Cook County Criminal Court Building.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations made and contained in Paragraph 23, and therefore deny the same.**

24. On information and belief, no lawfully-issued warrant or other legal process authorized Loftus and Shebish to arrest McCormick or otherwise take McCormick into custody without his consent.

**ANSWER**: **Defendants admit that there was no warrant authorizing the arrest of Plaintiff, but deny the remaining allegations made and contained in Paragraph 24.**

25. The conduct alleged herein violated clearly established law.

**ANSWER:** **Denied.**

## COUNT I

### Unreasonable Search/Seizure - 42 U.S.C. § 1983
(Against Loftus and Shebish)

26. Plaintiff hereby incorporates and realleges Paragraphs 1-25 as if fully set forth herein.

**ANSWER**: **Defendants incorporate their answers to Paragraphs 1-25 as though fully set forth herein.**

27. Loftus and Shebish and other presently unknown Chicago Police officers subjected McCormick to an unreasonable search/seizure by physically assaulting and causing McCormick to be stripped naked and left abandoned in a cold holding cell for the intended purpose of breaking his will and coercing him to accede to the demands of Loftus and Shebish. This conduct was objectively unreasonable and violated McCormick's rights under the 4th and 14th Amendments of the U.S. Constitution. Alternatively, this conduct constitutes brazen and intentional police misconduct that shocks the conscience of a civilized society and violated McCormick's rights under the 5th and 14th Amendments of the U.S. Constitution.

**ANSWER:** **Denied.**

28. McCormick suffered injury as a direct and proximate result of the conduct alleged herein.

**ANSWER:** **Denied.**

## COUNT II

### Failure to Intervene/Protect - 42 U.S.C. § 1983
(Against Lanher and Pedroza)

**This Count is not directed to Defendants Loftus, Shebish, or the City of Chicago; therefore, no response is required.**

## COUNT III

### Illinois Habeas Corpus Act-735 ILCS 5/10-131
(Against Lanher and Pedroza)

**This Count is not directed to Defendants Loftus, Shebish, or the City of Chicago;**

**therefore, no response is required.**

## COUNT IV

### Intentional Infliction of Emotional Distress
(Against Loftus and Shebish)

**This Count has been dismissed; therefore, no response is required.**

## COUNT V

### Civil Conspiracy
(Against Loftus, Shebish, Lanher and Pedroza)

45. Plaintiff hereby incorporates and realleges Paragraphs 1-25 as if fully set forth herein.

**ANSWER**: **Defendants incorporate their answers to paragraphs 1-25 as though fully set forth herein.**

46. Loftus, Shebish, Lanher and Pedroza conferred privately on two occasions at the Cook County Criminal Court Building on August 10, 2005 and then and there agreed, combined, and conspired to act in concert to deny McCormick his rights under the U.S. Constitution and state law.

**ANSWER**: **Defendants admit that Defendants Loftus and Shebish conferred with Lahner and Pedroza at the Cook County Criminal Court Building, but deny the remaining allegations made and contained in Paragraph 46 and further deny any wrongful or illegal conduct.**

47. In furtherance of this scheme, Lanher and Pedroza - in tandem with Loftus and Shebish - drove McCormick to the Chicago Police station against his will and in contravention of the dictates of the Writ for purposes of facilitating the wrongful conduct alleged herein.

**ANSWER**: **Defendants admit that Defendants Lahner and Pedroza drove Plaintiff to Area 2 and that Defendants Loftus and Shebish drove to Area 2 in a separate vehicle, but deny the remaining allegations made and contained in Paragraph 47 and further deny any wrongful or illegal conduct.**

48. In furtherance of this scheme, Lanher and Pedroza stated to McCormick during the drive to the Chicago Police station that the Warden of the Dixon Correctional Center advised them that McCormick should cooperate with Lanher and Pedroza.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations made and contained in Paragraph 48, and therefore deny the same and further deny wrongful or illegal conduct.**

49. In furtherance of this scheme, Pedroza subsequently met with McCormick and coaxed McCormick into acceding to the demands of Loftus and Shebish in derogation of his legal duty to intervene and protect McCormick from the known harm occurring to McCormick.

**ANSWER: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations made and contained in Paragraph 48, and therefore deny the same and further deny any wrongful or illegal conduct.**

## COUNT VI

### Indemnification -745 ILCS 10/9-102
(Against City of Chicago)

50. Plaintiff hereby incorporates and realleges Paragraphs 1-25 as if fully set forth herein.

**ANSWER: Defendants incorporate their answers to paragraphs 1-25 as though fully set forth herein.**

51. The City of Chicago is the employer of Loftus and Shebish.

**ANSWER: Admitted.**

52. Loftus and Shebish committed the acts alleged herein under color of law and in the scope of their employment as employees of the City of Chicago.

**ANSWER: Defendants Loftus and Shebish admit that they were acting under color of the law and in the scope of their employment as employees of the City of Chicago, but deny that they committed the acts previously alleged in the Complaint in accordance with their responses to the previous allegations.**

9

53. In the event Loftus and/or Shebish are found liable for the conduct alleged herein, McCormick demands that the City of Chicago pay McCormick for any monetary liability of Loftus and/or Shebish pursuant to 745 ILCS 10/9-102.

**ANSWER: This is a demand by Plaintiff, not a factual allegation to which a response is required. To the extent that a response is required, Defendants deny that Defendants Loftus and Shebish are liable for any of the conduct alleged in the Complaint, but admit that, should they be found liable, Defendant City of Chicago would be required to indemnify Defendants Loftus and Shebish for any damages awarded against them for acts committed within the scope of their employment, with the exception of any award of punitive damages.**

## AFFIRMATIVE AND ADDITIONAL DEFENSES

1. Defendants are governmental officials, namely police officers, who perform discretionary functions. At all times material to the events alleged in Plaintiff's complaint, a reasonably competent officer, objectively viewing the facts and circumstances then confronting these Defendants, could have believed his actions regarding the encounter with Plaintiff to be lawful, in light of clearly established law and the information possessed by Defendants. Defendants therefore are entitled to qualified immunity on Plaintiff's claims under federal law.

2. To the extent that Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by the application of the principle that Plaintiff has a duty to mitigate any injuries or damages attributed to Plaintiff by the jury in this case.

## JURY DEMAND

Defendants request trial by jury.

Dated: September 4, 2012                    Respectfully submitted,

  /s/ Jill K. Russell
Jill K. Russell
Assistant Corporation Counsel
City of Chicago Department of Law
30 N. LaSalle Street, Suite 900
Chicago, IL 60602
(312) 742-7030
Attorney No. 6296479

Attorney for Defendants Patrick J. Loftus, Thomas R. Shebish, and the City of Chicago

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2012, I electronically filed the foregoing *Defendants City of Chicago and Officers Loftus and Shebish's Answer to Plaintiff's Amended Complaint, Affirmative and Additional Defenses, and Jury Demand* using the CM/ECF system, which will send notification of such filing to the following:

    Jason Anthony Doran (jdoran@carlsonpartnersltd.com)
    John J. D'Attomo (jdattomo@carlsonpartnersltd.com)

  /s/ Jill K. Russell