LT
**FILED**
JUL 05 2016
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Donald McCormick
CASE NO. 07CV3547

6-28-68

DEAR CLERK

Thanks for responding to my request and in such a swift timing. I really appreciated that. However this particular order you sent me isn't what I need. Its my fault for not being able to provide you with better information to help you locate what im looking for, so im truly sorry and don't mean to add to your work load. I'm locked up for charges I didn't do so believe me when I say its a understatement to say things are hectic for me and I really don't know what im doing or how to clear myself but I have to atleast try. So please forgive me. This present endeavors is probably a waste of time but I think its the Minute order of June 29, 2009 containing <u>THE HONORABLE JOAN B. Gottschall EVALUATION ON CIVIL rights VIOLATION claims which would stand and those that would not.</u> I may have written the wrong minute order down 6-29-09 because on the documents we sent with this letter so you can see what im referring to the motion is dated 3-15-12 meaning wham im looking for the Judges evaluation/Ruling on the Violation claims came on/after 3-15-12 on which counts to throw out and which will stand. There were like five counts and the Judge dropped 2 I think?

→
over →

(1.)

I have a question I would like to ask you if you Dont mind - If I wrote the US Attorney General Laretta Lynch will she personally receive it? I'm locked up for something I promise and swear I didn't do I dont care what perception reads, thats the doing of the dirty detectives and other officials involved doing! I'm almost at the end of running out of fight! I'm 48 today and this is the second time in my life some cops did what they wanted to do, capitalizing! Its weird because after all of these years I've never felt or understood what is going on until the past few years literally! Being a father was weird to understand but to hear that my two daughters that were babies when I last saw them has babies now and has "5" (Five) babies has made that numbsheild I have used to help me cope has completely shattered in such a thunderous impact! I -- never mind - Just. Thank you if you can locate that information.
Is senator Roy Blunt of Illinois? Would your office happen to have is office contact address mail can go to? I have some information regarding jobs for military vets he will want.
Thank you for your time.

Sincerely
DONALD MCCORMICK
Reg. no. N-82468
P.O. BOX 1000
MENARD, IL 62259

2.

*Reference to Counts underlined*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DONALD MCCORMICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07 CV 3547 |
| | ) | |
| PATRICK J. LOFTUS; THOMAS R. SHEBISH; CITY OF CHICAGO; JOHN LANHER; and JOBERT PEDROZA, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF LAW IN OPPOSITION TO THE PARTIAL MOTION TO DISMISS FILED BY THE CITY DEFENDANTS

Plaintiff DONALD MCCORMICK ("Plaintiff"), by and through his undersigned counsel, respectfully submits this Memorandum of Law in Opposition to the Partial Motion to Dismiss filed by Defendants Patrick J. Loftus, Thomas R. Shebish, and the City of Chicago (collectively, the "City Defendants").

The City Defendants move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Count IV and Count V of Plaintiff's Amended Complaint on statute of limitations grounds. For the following reasons, the Motion should be denied.

### *Argument*

The City Defendants contend that a one-year statute of limitations governs Plaintiff's claim for intentional infliction of emotional distress asserted in <u>Count IV</u>. The City Defendants further contend that the statute of limitations began running in August 2005. However, the tort of intentional infliction of emotional distress is a "continuing

tort," which means that the statute of limitations begins running when the last injury occurs or the tortious conduct stops. *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 85 (Ill. 2003).

The statute of limitations is an affirmative defense. *Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1030 (7th Cir. 2004). A plaintiff is not required to anticipate potential defenses the defendant may raise and attempt to "plead around" such defenses in his complaint. *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004).

In this case, the evidence may show that Plaintiff's last injury relating to the conduct of the City Defendants occurred subsequent to August 2005 such that the statute of limitations does not run from August 2005. *See Feltmeier*, 798 N.E.2d at 85. Plaintiff is not required to allege and detail every fact that supports his claim. *See* Fed. R. Civ. P. 8(a). Furthermore, a complaint may not be dismissed based on the omission of facts that may defeat an affirmative defense. *Xechem*, 372 F.3d at 901. A defendant's speculation concerning what the evidence may show at trial is not grounds for dismissal under Rule 12(b)(6). *See Xechem*, 372 F.3d at 902. Consistent with this case law, the Seventh Circuit has recognized that it is "rarely" appropriate to grant a Rule 12(b)(6) motion to dismiss on statute of limitations grounds. *Reiser*, 380 F.3d at 1030. For these reasons, the Court should deny the motion to <u>dismiss Count IV</u>.

The City Defendants also seek dismissal of Plaintiff's claim for civil conspiracy under Rule 12(b)(6). According to the City Defendants, Plaintiff's claim for "state law conspiracy" and "conspiracy under Illinois law" is barred by a one-year statute of limitations. (Def.'s Mot. at 2, 3.) The City Defendants have mischaracterized <u>Count V</u>

2

as alleging solely a conspiracy involving state law claims and ignored Plaintiff's allegation of a conspiracy to violate Plaintiff's civil rights in violation of 42 U.S.C. § 1983. *See* Am. Compl. ¶ 46.

A claim brought under 42 U.S.C. § 1983 arising in Illinois is governed by a two-year statute of limitations. *See Kelly v. City of Chicago,* 4 F.3d 509, 511 (7th Cir. 1993). The original complaint in this matter was filed in June 2007, less than two years from August 2005. Further, the conspiracy claim asserted in Count V arises from the conduct and occurrences set forth in the original complaint thus satisfying the relation back requirements. The Court should therefore deny the motion to dismiss Count V.

## *Conclusion*

For all the foregoing reasons, Plaintiff respectfully requests that the Court deny the Partial Motion to Dismiss filed by the City Defendants.

Dated: March 15, 2012

                                                        Respectfully submitted,

                                                        DONALD MCCORMICK

                                                        By:   <u>/s/ John J. D'Attomo</u>
                                                                    One of his Attorneys

John J. D'Attomo
Jason A. Doran
**CARLSON PARTNERS, LTD.**
2500 S. Highland Avenue, Suite 360
Lombard, IL 60148
(630) 928-0040

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on this 15th day of March, 2012, he caused a copy of the foregoing document to be served via ECF on the persons identified below:

Gail L. Reich
City of Chicago
30 N. LaSallle St.
Suite 1400
Chicago, IL 60602
greich@cityofchicago.org

Matthew M. Smith
Office of the Illinois Attorney General
100 W. Randolph St.
13th Floor
Chicago, IL 60601
msmith@atg.state.il.us

/s/ John J. D'Attomo